**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x          Case No.:_____

NOSHABA BHATTI
146 Terrace Avenue,                                                               Non-Jury Trial
Elmont, New York 11003,

                                        Plaintiff,

                        -against-

GREENPOINT MORTGAGE FUNDING, INC.,

                                        Defendant.
------------------------------------------------------------x

## COMPLAINT FOR A CIVIL ACTION

    The plaintiff herein, by R. David Marquez, P.C., her attorneys, complains of the
defendants above named, and for her cause of action, alleges:

## THE PARTIES JURISDICTION AND VENUE

    **FIRST**:          The plaintiff, NOSHABA BHATTI, at all times mentioned herein is a
natural person over the age of eighteen years and is the sole owner of record of her home located
at 146 Terrace Avenue, Elmont, New York 11003 (SBL #: 32-450-11 and 12), herein referred to
as the, "subject premises." Accordingly, plaintiff has the exclusive ownership interest to the
subject premises.

    **SECOND**:          The defendant, GREENPOINT MORTGAGE FUNDING, INC., hereafter
referred to as"GreenPoint," is the owner of record of a mortgage against the subject premises,
and upon information and belief, it was duly organized and existed under the laws of California
with its last known principal place of business at 100 Wood Hollow Drive, Novato CA 94945
and a place of business at 2300 Brookstone Centre Parkway, Columbus, Georgia 31904.

    **THIRD**:          Pursuant to 28 U.S.C. 1332, the Court has diversity jurisdiction over this

action based upon the diversity of citizenship of the parties and an amount in controversy exceeding seventy-five ($75,000.00) thousand dollars.

**FOURTH**:      Pursuant to 28 U.S.C. 1391(b)(2), venue over this action is proper in the Eastern District of New York based upon the fact that the property that is the subject of this action is located in this judicial district.

## STATEMENT OF CLAIM

**FIFTH**:      Plaintiff seeks to quiet title to the subject premises against Defendants pursuant to New York's Real Property Actions and Proceedings Law § 1501(4) and C.P.L.R. §213(4), based upon the ground that GreenPoint is the owner of record of a time-barred and unenforceable mortgage lien against the subject premises, due to a failure to foreclose upon the subject premises within the applicable statute of limitations period after the prior acceleration of the mortgage.

**SIXTH**:      On September 30, 2004, Plaintiff executed and delivered to GreenPoint, a Note in the principal amount of Three Hundred Forty-four Thousand  ($344,000.00) dollars agreeing to pay interest at the fixed rate of 6.375% per annum for a term of thirty (30) years.  As security for the payment of said indebtedness, the Plaintiff acknowledged and delivered a Mortgage dated, September 30, 2004, to GreenPoint, whereby Plaintiff, as mortgagor, bargained and granted to the mortgagee named therein, its successors and assigns, a mortgage lien upon the subject premises more particularly described therein, under certain conditions with rights, duties and privileges between or among them as more fully appears in said mortgage. Copies of the Note and Mortgage are attached hereto as Exhibits "**A**" and "**B**," respectively. Said Mortgage was duly recorded, and the mortgage tax due thereon was paid, in the Nassau County Clerk's office at the place and time which appears thereon.

**SEVENTH**:   The plaintiff acquired title to the subject premises, and is the current occupant and sole owner of record of said property, situated in Nassau County, State of New York, by an Indenture (Deed) duly executed by Hamad A. Rana on, August 13, 2004, and duly recorded with the Nassau County Clerk's Office on October 18, 2004, in Liber: D 11859 of Deed Book, from Page 0456 through Page 0459. A copy of said Indenture (Deed) is attached hereto as Exhibit "**C**," along with its corresponding "Schedule A" property description and recording and endorsement cover page.

**EIGHTH**:   On February 21, 2008, Mortgage Electronic Registration Systems, Inc., as Nominee for GreenPoint Mortgage Funding, Inc., assigned the Mortgage for the subject premises to GreenPoint Mortgage Funding, Inc., with offices located at 2300 Brookstone Centre Parkway, Columbus, Georgia 31904. A copy of the aforementioned mortgage assignment is attached hereto as Exhibit "**D**."

**NINTH**:   On March 14, 2008, as the then owner and holder of the Mortgage, GreenPoint commenced an action to foreclose the mortgage upon the subject premises under Index Number 4910/2008 in the Supreme Court of the State of New York for the County of Nassau. A copy of the 2010 Summons and Complaint is annexed hereto as Exhibit "**E**."

**TENTH**:   The 2008 foreclosure complaint alleged that Noshaba Bhatti had failed to comply with the conditions of the mortgage by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of October, 2007. Accordingly, in the 2008 foreclosure Complaint, GreenPoint elected to call due and accelerated the entire amount secured by the mortgage. The 2008 foreclosure Complaint alleged that GreenPoint was the owner and holder of the note and mortgage then being foreclosed.

**ELEVENTH**:        On January 13, 2016, the 2008 foreclosure action was dismissed on default by the Court for GreenPoint's failure to produce the process server who allegedly served the Summons and Complaint upon Noshaba Bhatti, and who was supposed to appear for a Traverse hearing. Since GreenPoint, as plaintiff in the 2008 foreclosure action, was unable to prove it had acquired jurisdiction over the person of Noshaba Bhatti, defendant in the 2008 foreclosure action, the court, by the honorable R. Bruce Cozzens, dismissed that action.  A copy of the Order on Default dismissing the 2008 foreclosure action on January 13, 2016 is annexed hereto as Exhibit "**F**." No de-acceleration of the mortgage loan at issue in the 2008 foreclosure action was ever conveyed to Noshaba Bhatti, the Plaintiff herein, prior to the expiration of New York's six (6) year foreclosure statute of limitations on March 14, 2014. The Plaintiff herein,  Noshaba Bhatti, never made any payments or entered into any modification, or otherwise acknowledged the debt so as to restart the running of the statute of limitation anew.

**TWELFTH**:        On February 15, 2018, GreenPoint by its attorneys, Leopold & Associates, PLLC, moved to vacate the dismissal on default, restore the 2008 action to the active case calendar, and vacate the order directing it to cancel the Notice of Pendency. After the motion was fully brief, the honorable R. Bruce Cozzens, Jr., of the Nassau County Supreme Court, denied the GreenPoint's motion and the action remains dismissed.  No appeal has ever been filed and the time to do so has long expired. Attached hereto as Exhibit "**G**" is a copy of the March 27, 2018 Short Form Order denying GreenPoint's motion to vacate the dismissal, restore the action to active case calendar and vacate the cancellation of the Notice of Pendency.

## RELIEF

**THIRTEENTH**:        Pursuant to the foregoing, Plaintiff seeks to quiet title to the subject premises against Defendants, pursuant to New York's R.P.A.P.L.§ 1501(4), cancelling and

discharging the lien of the Mortgage as time-barred and unenforceable and directing Defendants to record a discharge of Mortgage in the land records for the subject premises in the office of the County Clerk for Nassau County.

Respectfully,

R. David Marquez, rdm1735
R. David Marquez, P.C.
170 Old Country Road, Ste. 505
Mineola, New York 11501
Tel.: (516) 478-9302
 Email address: david@rdavidmarquez.com

## VERIFICATION

I, Noshaba Bhatti, being duly sworn depose and say:

I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are based a review of documents served by Greenpoint Mortgage Funding, In., in a prior foreclosure action brought under Index No.: 4910/08 in my possession and the communications, papers, documents contained in a file pertaining to that prior foreclosure matter and my own personal documents contained in my mortgage file pertaining to the loan I am seeking to cancel and discharge.

Noshaba Bhatti
Noshaba Bhatti

Sworn to before me this
27th day of June 2019

Notary Public

R. DAVID MARQUEZ
Notary Public, State of New York
No. # 02MA4947356
Qualified In Nassau County
Commission Expires Jun. 29, 20 23