UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NOSHABA BHATTI,

                        Plaintiff,

     -against-

GREENPOINT MORTGAGE FUNDING, INC.,
HSBC BANK USA, N.A.,
as TRUSTEE for DEUTSCHE ALT-A SECURITIES, INC.
MORTGAGE LOAN TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2005-2

                       Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-CV-3787-ENV-SJB

**BULSARA, United States Magistrate Judge:**

      This Court has an independent obligation to ensure that subject matter jurisdiction exists. *See Aretakis v. First Fin. Equity Corp.*, No. 14-CV-3888, 2014 WL 5499545, at *2 (E.D.N.Y. Oct. 30, 2014) ("Even without a challenge from any party, federal courts have an independent obligation to determine whether subject matter jurisdiction exists."). The plaintiff in this case contends that the Court has subject matter jurisdiction on the basis of diversity of citizenship. (Compl. dated June 28, 2019, Dkt. No. 1 at 1–2). The Court concludes that diversity jurisdiction is absent, and therefore, recommends that the action be dismissed without prejudice.

      A federal district court has "original jurisdiction" over a civil action where the amount in controversy exceeds $75,000, exclusive of interests and costs, and "is between citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332(a)(1)'s requirement that the parties be "citizens of different States" is a "complete" diversity

requirement.[1] That is, all the parties on one side of the case must be citizens of a different state from all the parties on the other side. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. Co.*, 409 F.3d at 80. "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations or if the court *sua sponte* raises the question." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (citations and quotations omitted). Complete diversity need only exist at the time of commencement of the lawsuit; subsequent events do not defeat this existence of diversity jurisdiction. *Id.*

In this quiet title action, Plaintiff Noshaba Bhatti ("Bhatti) is alleged to be a resident of Elmont, New York. (Compl. at 1). Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint") is alleged to have been incorporated in New York. (*See* Ex. 1 dated Sept. 25, 2019, Dkt. No. 13 (certificate of Secretary of State confirming that Greenpoint is a New York corporation)).

On September 25, 2019, Greenpoint filed a request for a pre-motion conference, arguing that because Bhatti and Greenpoint are both residents of New York, complete diversity is absent. (*See* Letter Mot. for Pre Mot. Conference dated Sept. 25, 2019, Dkt.

---

[1] This statutory requirement is in contrast to what Article III requires, which is only minimal diversity.

No. 10). Bhatti did not respond to the letter. On October 7, 2019, Judge Matsumoto held a pre-motion conference, and ordered—based on representations made by plaintiff—Bhatti to provide documentation that the note and collateral concerning the property at issue was transferred to an entity other than Greenpoint. (Min. Entry dated Oct. 7, 2019).

On December 9, 2019, Bhatti filed an Amended Complaint. (Am. Compl. dated Dec. 9, 2019, Dkt. No. 16). The Amended Complaint keeps Greenpoint as a defendant, but with an additional allegation that Greenpoint's principal place of business is California and that it has "a place of business" in Georgia. (Am. Compl. at 1–2). On January 14, 2020, Greenpoint filed another request for a pre-motion conference, pointing out that with New York residents as both a plaintiff and a defendant, complete diversity was still absent. (Letter Mot. for Pre Mot. Conference dated Jan. 14, 2020, Dkt. No. 25). Again, Bhatti failed to respond to the letter.

The Court held a Rule 16 initial conference on January 17, 2020, where it raised the question of subject-matter jurisdiction. The Court gave the parties time to work out a stipulation of dismissal removing Greenpoint from the case. (Min. Entry and Order dated Jan. 17, 2020, FTR at 12:21–25). No stipulation of dismissal has been filed. Nor has Bhatti moved to voluntarily dismiss Greenpoint or file an Amended Complaint removing Greenpoint as a defendant. Since the initial conference, Greenpoint has filed another request for a pre-motion conference, seeking to dismiss the case for lack of subject matter jurisdiction. (Letter Mot. for Pre Mot. Conference dated Jan. 27, 2020, Dkt. No. 28). Bhatti had approximately one month to respond to the letter, and again he has failed to do so.

Bhatti has had numerous opportunities to demonstrate that complete diversity

exists in this case. Bhatti has failed to do so: Bhatti is a resident of New York, and Greenpoint, as a New York corporation, is indisputably a New York resident. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated[.]"). Bhatti has also failed to remove Greenpoint from the case, and cure the problem; indeed, Bhatti chose to double down, by filing an Amended Complaint keeping Greenpoint in the action, despite clear evidence of its New York incorporation.

At this point, the Court has no option other than to recommend that the case be dismissed for lack of subject matter jurisdiction and that leave to amend be denied.

CONCLUSION

For the reasons stated above, the Court respectfully recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court should then be directed to close this case, without leave being granted to file a second amended complaint. Bhatti has been given one opportunity to amend already, and has failed to remove the non-diverse defendant in the amended complaint. Nor has Bhatti responded to the various motions and letters filed by Greenpoint that demonstrate the deficiencies in diversity jurisdiction. The Court also addressed subject matter jurisdiction at the initial conference, and Bhatti declined—by not acting—the invitation to dismiss the non-diverse defendant. The Court concludes that Bhatti either intends to prosecute the case with the non-diverse defendant or the case cannot proceed without Greenpoint's presence. In either instance, leave to amend would be futile, and therefore the case should be closed upon this dismissal without prejudice. *Krechmer v. Tantaros*, No. 16-CV-7820, 2017 WL 8777373, at *3 (S.D.N.Y. Dec. 1, 2017) ("Based on a review of the materials already submitted (which indicate clearly that Tantaros is and

was a domicil[iary] of New York), and the fact that plaintiff has already been given one opportunity to amend his complaint to plead diversity jurisdiction, the Court does not believe further amendment of the complaint is warranted here."), *aff'd*, 747 F. App'x 6 (2d Cir. 2018); *Masudi v. Wireless Channels, Inc.*, No. 09-CV-2411, 2010 WL 816156, at *1 (E.D.N.Y. Mar. 8, 2010) ("As plaintiff's amended complaint fails to demonstrate that diversity of citizenship exists, it is respectfully recommended that this action should be dismissed for lack of subject matter jurisdiction. Additionally, the Court should deny plaintiff[']s motion for leave to file a second amended complaint as futile.") (adopting report and recommendation).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

*/s/ Sanket J. Bulsara* Feb. 27, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York